UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ANGELA WILLIAMS                                                                        PLAINTIFF

V.                                            CIVIL ACTION NO. 3:20-CV-00759-KHJ-LGI

PEMBERTON TRUCK LINES, INC.;
WILLIAM R. GRAVES, and JOHN DOES 1-3                              DEFENDANTS

ORDER

Before the Court is Defendants Pemberton Truck Lines, Inc.'s ("Pemberton")

and William R. Graves's [105] Motion to Convert Motion for Judgment on the

Pleadings to a Motion for Partial Summary Judgment and [77] Motion for Summary

Judgment. For the following reasons, the Court grants the motions.

I.      Facts and Procedural History

This case stems from a motor vehicle accident. On February 24, 2018,

Plaintiff Angela Williams, Cashundra Johnson, and David Johnson[1] were traveling

east on Interstate 20 in Meridian, Mississippi. Pl.'s First Am. Compl. [4] ¶ 12.

Cashundra Johnson was driving the vehicle, which was towing another vehicle. *Id.*

¶¶ 13-14. While they were traveling, William R. Graves rear-ended the vehicle-in-

tow. *Id.* ¶ 17. The collision caused the vehicle-in-tow to crash into the vehicle

---

[1] The Complaint included David Johnson, Cashundra Johnson, and Cashundra
Johnson's minor child as Plaintiffs. The Court dismissed them, though, after they did not
follow the Court's orders. Order [68].

Johnson was driving. *Id.* ¶ 18. As a result, both vehicles were severely damaged, and Williams and the other passengers suffered personal injuries. *Id.* ¶¶ 18-19; 29.

Williams alleges that Graves was negligent by:

    a. Failing to yield the right of way;
    b. Failing to keep a proper lookout;
    c. Failing to keep control of the vehicle;
    d. Fail[ing] to see what should have been seen;
    e. Traveling at an excessive rate of speed for conditions then present;
    f. Traveling at a speed in excess of the posted speed limit;
    g. Operating a commercial motor vehicle beyond the time limitations established by the Federal Motor Carrier Safety Regulations as they pertain to hours of service;
    h. Operating a vehicle while impaired by drugs and/or alcohol in violation of the Federal Motor Carrier Safety Regulations and Mississippi law; and
    i. Violating Mississippi's prohibition of use of a cellular phone while operating a motor vehicle.

[4] ¶ 20. She further contends that Pemberton is vicariously liable for Graves's negligence because Pemberton employed Graves, and he was acting within the course and scope of his employment. *Id.* ¶ 21; Def. Pemberton's Answer to Pl.'s First Am. Compl. [8] ¶ 21.

She also alleges that Pemberton[2] was negligent in hiring, supervising, and retaining Graves ("direct liability claims"). *Id.* ¶¶ 27-28. She specifically claims that: (1) Pemberton "failed to review and audit driver logs, which showed Defendant Graves consistently operat[ed] beyond the hours of service he was permitted to operate a commercial motor vehicle," *Id.* ¶ 22; (2) Pemberton was "aware that

---

[2] Williams raised these allegations against P&D Transport, LLC, and Duane Hearn too. But Plaintiffs dismissed these Defendants on February 25, 2021. Stipulations of Dismissal [12], [13].

Defendant Graves routinely engaged in hours-of-service violations and overlooked and/or encouraged Graves to do so," *Id.* ¶ 23; (3)  Pemberton was "aware that Defendant Graves had been placed out of service repeatedly and/or was otherwise routinely operating a commercial motor vehicle while he was prohibited from doing so, and yet [Pemberton] continued to permit Defendant Graves to operate a commercial motor vehicle," *Id.* ¶ 25; and (4)  Pemberton "had knowledge of prior reckless behavior by Defendant Graves but refused to take him off the road despite such knowledge." *Id.* ¶ 26.

Williams seeks damages for medical expenses, physical pain and suffering, lost wages, and the value of the vehicles, among other things. *Id.* ¶ 30. She also seeks punitive damages. *Id.* at 6.

## II.    Motion to Convert

Defendants originally moved for judgment on the pleadings. After the close of discovery, they moved to convert the motion to one for summary judgment. ECF [105]. Williams did not oppose the motion. ECF [114]. Accordingly, the Court grants Defendants' [105] Motion to Convert as unopposed.

## III.    Standard

Summary judgment is only appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "If the moving party will not bear the burden of proof at trial, . . . [it] need not produce evidence negating the existence of a material fact, but need only point out the absence of evidence supporting the nonmoving

party's case." *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 190 (5th Cir. 1991). "After the movant has presented a properly supported motion for summary judgment, the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (per curiam) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Id.* "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Id.*

IV.   Analysis

Pemberton moves for summary judgment on Williams's direct liability claims. Defs.' Mem. Supp. Mot. Summ. J. [78]. And both Pemberton and Graves move for summary judgment as to the punitive damages claims against them. *Id.* The Court addresses each in turn.

A.  Direct Negligence Claims

Pemberton contends that summary judgment is appropriate on Williams's direct liability claims because it has conceded it would be vicariously liable for any negligence of Graves. [78] at 7-10.

Under Mississippi law, when an employer concedes that it would be vicariously liable for any negligence on the part of its employee, any direct liability claims against the employer should be dismissed. *Carothers v. City of Water Valley*, 242 So. 3d 138, 144 (Miss. Ct. App. 2017); *Deliefde v. Nixon*, No. 3:19-CV-226, 2021

4

WL 4164680, at *6-8 (S.D. Miss. Sept. 13, 2021). "The reasoning underlying these cases is that once an employer has admitted that it is liable for an employee's actions, evidence pertaining only to issues of negligent hiring, entrustment, supervision, or maintenance becomes superfluous and possibly unfairly prejudicial." *Deliefde*, 2021 WL 4164680, at *6.

Williams relies on *Benefield v. Estate of Lockhart*, No. 1:15-CV-190, 2017 WL 4572064 (S.D. Miss. Mar. 15, 2017), to argue that the Court should not dismiss the direct liability claims. Pl.'s Resp. Defs. Mot. J. Pleadings [86] at 3. But *Benefield* is unpersuasive for two reasons. First, it not only conflicts with the great weight of authority in Mississippi and other jurisdictions, but it was decided before the Mississippi Court of Appeals's decision in *Carothers*, which is binding on this Court. *See Deliefde*, 2021 WL 4164680, at *6 (collecting cases and discussing Mississippi state law on the issue).

Second, the facts in *Benefield* are distinct from the facts here and most other cases discussing this issue. In *Benefield*, the defendant truck driver crashed into the plaintiff's decedent's car after suffering a massive heart attack. 2017 WL 4572064, at *1. The truck driver weighed 425 pounds and suffered from an enlarged heart and atherosclerosis. Compl. at 4, *Benefield*, 2017 WL 4572064, ECF No. 1-2. The plaintiff alleged that the defendant truck company was negligent in failing to appreciate the truck driver's health risks and that the company knew, or should have known, that the truck driver's health made him unfit to operate a commercial vehicle. *Benefield*, 2017 WL 4572064, at *4. Based on these "specific facts," the

5

*Benefield* court determined the case was "factually distinguishable" from other decisions and "[was] not persuaded that [the direct liability] claims [were] redundant." *Id.*

*Benefield* is the sole case Williams cites to support that the Court should not dismiss the direct liability claims against Pemberton. But Williams does not explain how the facts here are like the facts in *Benefield*. Williams has provided no evidence that Graves had severe health problems about which Pemberton knew or should have known.

Pemberton has conceded that it would be vicariously liable for any simple negligence on the part of Graves, and thus no issue of material fact exists as to this issue. [8] ¶ 21; [78] at 8. Accordingly, Pemberton is entitled to judgment as a matter of law and its Motion for Summary Judgment is granted as to Williams's direct liability claims for negligent hiring, supervision, and retention.

B.  Punitive Damages

Both Pemberton and Graves insist that their conduct does not warrant punitive damages. First, Pemberton asserts that Mississippi law does not allow punitive damages based on vicarious liability. [78] at 14-15. Second, Pemberton and Graves assert that, even if they were negligent, their conduct does not constitute the gross negligence Mississippi law requires to recover punitive damages. *Id.* at 10-14.

i. Vicarious Liability

Mississippi district courts have regularly held that punitive damages cannot be based on vicarious liability. *See, e.g.*, *Deliefde*, 2021 WL 4164680, at \*9; *Littlejohn v. Werner Enters., Inc.*, No. 1:14-CV-00044, 2015 WL 3484651 (S.D. Miss. June 2, 2015) (collecting cases). The reasoning stems from Mississippi's punitive damages statute, which requires plaintiffs to provide "evidence *that the defendant against whom punitive damages are sought* acted with actual malice, gross negligence . . . or committed actual fraud." Miss. Code Ann. § 11-1-65(1)(a) (emphasis added); *Littlejohn*, 2015 WL 3484651, at \*2-3. This language supports the notion that "punitive damages should not be available against a defendant who is innocent of any morally culpable conduct." *Duggins v. Guardianship of Washington Through Huntley*, 632 So. 2d 420, 433 (Miss. 1993) (Lee, J., dissenting).

No Mississippi Supreme Court or Court of Appeals opinion settles the issue, however. *See Littlejohn*, 2015 WL 3484651, at \*2. The Court must, therefore, make an *Erie* guess. *Learmonth v. Sears, Roebuck & Co.*, 710 F.3d 249, 258 (5th Cir. 2013) ("[In] the absence of explicit guidance from the state courts, [a district court] must attempt to predict state law . . . ."); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78-79 (1938). The Court agrees with Justice Lee's and the other district courts' interpretation of Miss. Code Ann. § 11-1-65 and predicts that a Mississippi court would conclude that a plaintiff cannot recover punitive damages solely on a theory

of vicarious liability. Accordingly, Pemberton's Motion for Summary Judgment is granted as to any claims for punitive damages based solely on vicarious liability.

### ii.    Punitive Damages Based on Gross Negligence

Although Williams cannot recover punitive damages against Pemberton based on vicarious liability, she may still recover punitive damages against Pemberton and Graves for their personal negligence.

### a.   Standard

To recover punitive damages under Mississippi law, a plaintiff must show that a defendant "acted with actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud." Miss. Code Ann. § 11-1-65(1)(a). The trier of fact considers the issue only if the court first determines the plaintiff has met its burden at trial. *See Deliefde*, 2021 WL 4164680, at *9 (describing the bifurcated process for determining punitive damages in Mississippi). To make this decision, a court must "decide[] whether, under the totality of the circumstances and viewing the defendant's conduct in the aggregate, a reasonable, hypothetical trier of fact could find either malice or gross neglect/reckless disregard." *Id.* (quoting *Doe v. Salvation Army*, 835 So. 2d 76, 79 (Miss. 2003)). This requires a court to weigh the evidence and judge the credibility of the parties. *Id.*

Contrarily, a court cannot weigh the evidence on a motion for summary judgment. Rather, it must "draw all reasonable inferences in favor of the nonmoving party and avoid credibility determinations and weighing of the evidence." *Nall v.*

8

*BNSF Ry. Co.*, 917 F.3d 335, 342 (5th Cir. 2019). Other Mississippi district courts have recognized the different standards for punitive damages at the summary judgment stage. *See, e.g.*, *Deliefde,* 2021 WL 4164680, at *9-10; *Noel v. Wal-Mart Stores, Inc.*, No. 3:17-CV-203, 2018 WL 1440538, at *4 (S.D. Miss. Mar. 22, 2018); *Welch v. Loftus*, 776 F. Supp. 2d 222, 227 (S.D. Miss. 2011). The issue at this stage, therefore, is not whether a reasonable, hypothetical trier of fact could find Pemberton and Graves acted with either malice or gross neglect/reckless disregard. Rather, the question is simply whether "in the light most favorable to [Williams]" is there a genuine dispute of material fact as to whether punitive damages are warranted. *See Deliefde*, 2021 WL 4164680, at *9-10.

   b.  Graves

   Graves contends that, even if he were negligent, "there can be no question that this is a case of simple negligence," not gross negligence. [78] at 12. He argues that Mississippi courts regularly hold that cases involving careless drivers do not warrant punitive damages. *Id.* He cites several decisions to support his contention. *See, e.g.*, *Aldridge v. Johnson*, 318 So. 2d 870 (Miss. 1975); *Mayfield v. Johnson*, 202 So. 2d 630 (Miss. 1967); *Harris v. MVT Services, Inc.*, No. 1:06-cv-251, 2007 WL 2609780 (S.D. Miss. 2007). In response, Williams argues that she alleges more than careless driving in her complaint. She claims that Graves was "impaired by drugs or alcohol" at the time of the accident, [4] ¶ 20, and that the Mississippi Supreme Court has found that punitive damages may be warranted under such circumstances, [86] at 7-8.

Williams is correct that punitive damages may be warranted when the driver causing the accident is under the influence of drugs or alcohol. *See James W. Sessums Timber Co., Inc. v. McDaniel*, 635 So. 2d 875, 879-80 (Miss. 1994); *James v. Antarctic Mech. Servs., Inc.*, No. 3:18-CV-678, 2019 WL 6794196, at *1-2 (S.D. Miss. Dec. 12, 2019); *Barnes v. Carpenter*, No. 2:14-cv-144, 2014 WL 6068943, at *1 (S.D. Miss. Nov. 13, 2014). But Graves denies that he was under the influence of drugs or alcohol at the time of the accident and argues that William cannot point to any evidence showing otherwise. [105] ¶ 7. Consequently, the burden shifts to Williams to show with "significant probative evidence that there exists a genuine issue of material fact." *See Hamilton*, 232 F.3d at 477. But Williams supplies no evidence to that end and only points to her Complaint allegations. *See* [86] at 7-8. Accordingly, Graves's Motion for Summary Judgment is granted as to Williams's claims for punitive damages against him.

c. Pemberton

As discussed above, Williams cannot recover punitive damages from Pemberton based on a theory of vicarious liability. But "a plaintiff's independent claims for punitive damages against an employer may proceed despite the employer's admission [of vicarious liability]." *Deliefde*, 2021 WL 4164680, at *8-9 (quoting *Roberts v. Ecuanic Express, Inc.*, No. 2:12-CV-84, 2012 WL 3052838, at *2 (S.D. Miss. July 25, 2012)). Indeed, direct liability claims for simple negligence that are dismissed when an employer admits vicarious liability are distinct from any

10

gross negligence claims against the employer. *See id.* (citing *Clark v. Lard Oil Co., Inc.*, No. 2:18-cv-109, 2019 WL 5802379, at *6-7 (S.D. Miss. Sept. 6, 2019)).

But as with Graves, Williams has provided no summary-judgment evidence that Pemberton acted with "actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud." *See* Miss. Code Ann. § 11-1-65(1)(a). Her Complaint allegations lack support from any documents, testimony, or other evidence. Accordingly, Pemberton's Motion for Summary Judgment is granted as to Williams's claims for punitive damages against it.

## V.    Conclusion

The Court has considered all arguments raised by the parties. Those not addressed would not have changed the outcome. For these reasons, Defendants' [105] Motion to Convert Motion for Judgment on the Pleadings to Motion for Partial Summary Judgment and [77] Motion for Summary Judgment is GRANTED.

SO ORDERED AND ADJUDGED this the 13th day of December, 2022.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE