UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ANGELA WILLIAMS                                                                          PLAINTIFF

V.                                                         CIVIL ACTION NO. 3:20-CV-759-KHJ-LGI

PEMBERTON TRUCK LINES, INC.,
WILLIAM R. GRAVES, and JOHN DOES 1-3                            DEFENDANTS

ORDER

Before the Court is Defendants Pemberton Truck Lines, Inc.'s and William R. Graves's (collectively "Defendants") [107] Motion for Partial Summary Judgment. For the following reasons, the Court denies the motion.

I.  Background

On February 24, 2018, Plaintiff Angela Williams, Cashundra Johnson, and David Johnson[1] were traveling east on Interstate 20 in Meridian, Mississippi. First Am. Compl. [4] ¶ 12. Cashundra Johnson was driving the vehicle, which was towing another vehicle. *Id.* ¶¶ 13-14. While they were traveling, Defendant Graves rear-ended the vehicle-in-tow. *Id.* ¶ 17. The collision caused the vehicle-in-tow to crash into the vehicle Johnson was driving. *Id.* ¶ 18. As a result, both vehicles were

---

[1] Initially, David Johnson, Cashundra Johnson, and Cashundra Johnson's minor child were also Plaintiffs in this case. The Court dismissed them, however, after they failed to respond to Defendants' discovery requests. Order [68].

severely damaged, and Williams and the other passengers suffered personal injuries. *Id.* ¶¶ 18-19; 29.

This motion concerns an injury to Williams's right leg she allegedly suffered during the accident. When paramedics assessed Williams at the scene of the accident, they noted that she had "tenderness to her head and back upon palpation with no deformity noted [and] she did have a small abrasion to her right knee, no bleeding noted." [112-1] at 3. After being transported to Anderson Regional Medical Center ("Anderson"), the emergency room physician noted "pain/injuries" to several parts of Williams's body, including her right leg. [112-2] at 1. On March 20, 2018, Williams was treated by Dr. James Cady at Anderson, after complaining of pain to her right leg. [107-1] ¶ 6; [112] ¶ 18. Dr. Cady noted a "2-3 day history of redness and blister formation on the right pretibial area." [107-4] at 4. He also noted that Williams "had been involved in [a motor vehicle crash] about two weeks ago and had some bruising of this area which healed up spontaneously." *Id.*

After experiencing more "redness, swelling, and drainage" in her right leg, Williams sought treatment at Greater Meridian Health Clinic on March 23 and again on April 2. [112-4] at 2, 5. She returned to Dr. Cady on April 11, and he noted that the abrasions on her leg from the March 20 appointment had "become sores and [had] developed some redness and discharge." [112-2] at 8. She saw Dr. Cady again on April 20, and he noted that "several pustules" had developed on Williams's leg. *Id.* at 14. Consequently, he obtained a wound culture from Williams's leg, which tested positive for staph infection. *Id.* at 24–25.

Defendants move to dismiss Williams's "claims, damages, and expenses related to her staph infection" as a matter of law. [108] at 3. In support of their motion, they provide expert testimony from Dr. Howard Katz, stating that the subject accident did not cause Williams's staph infection. They argue that Williams has failed to provide sufficient evidence to rebut Dr. Katz's conclusion. *See id.* at 4–7. In response, Williams argues that she may testify about the cause of her staph infection, or, alternatively, Dr. Cady's expert testimony is sufficient to create a genuine dispute of material fact as to the cause of her staph infection. [112] at 6–11.

II.   Standard

Summary judgment is only appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "If the moving party will not bear the burden of proof at trial, . . . [it] need not produce evidence negating the existence of a material fact, but need only point out the absence of evidence supporting the nonmoving party's case." *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 190 (5th Cir. 1991). "After the movant has presented a properly supported motion for summary judgment, the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (per curiam) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under

3

governing law." *Id.* "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Id.*

III.   Analysis

Defendants argue Williams cannot prove the car accident caused her staph infection because (1) she cannot personally testify about medical causation of her own injures and (2) Dr. Cady is not qualified to provide expert testimony. [108] at 4–7. The Court addresses each in turn.

A.   Williams's Personal Testimony

To succeed in a negligence action, a plaintiff must show that the defendant's breach proximately caused the plaintiff's injuries. *Sanderson Farms, Inc. v. McCullough*, 212 So. 3d 69, 76 (Miss. 2017). Although expert medical testimony is not required to prove causation in "simple and routine cases," it is required in more medically complex cases. *Cole v. Superior Coach Corp.*, 106 So. 2d 71, 72 (Miss. 1958); *Savage v. Pilot Travel Ctrs., L.L.C.*, 464 F. App'x 288, 290-91 (5th Cir. 2012) (per curiam) (applying Mississippi law). In other words, injuries that "may be understood with . . . common sense" do not require expert testimony for causation. *Savage*, 464 F. App'x at 291 (citation omitted). But if there are multiple possible causes of a plaintiff's injury and the injury is difficult to diagnose, then expert testimony is required. *See id.*

Williams's injury to her right leg is "medically complex," and she must have expert testimony to prove that the car accident caused that injury. Williams cites *Divinity v. Allstate Insurance Co.*, No. 3:17-CV-622, 2019 WL 7593363 (S.D. Miss.

Sept. 11, 2019), to argue that her leg injury is not medically complex. [112] at 8. In *Divinity*, the court allowed the plaintiff to testify that a car accident caused his back pain and neck discomfort, reasoning that "[a] lay person can typically understand whiplash injuries sustained from an automobile accident . . . ." *Divinity*, 2019 WL 7593363, at *3. But unlike whiplash, it is unclear whether Williams's staph infection directly resulted from the car accident.

Rather, Williams's injury is more like the plaintiff in *Savage*. There, the plaintiff suffered painful skin lesions after using a toilet that had recently been cleaned with bleach. *Savage*, 464 F. App'x at 289. A dermatologist examined the plaintiff but could not definitively state whether the bleach caused the lesions. *Id.* at 289–90. After discovery, the defendant moved for summary judgment because the plaintiff failed to provide expert testimony that the lesions were caused by the bleach. *Id.* at 290. The district court granted the defendant's motion, and the Fifth Circuit affirmed. *Id.* It reasoned that "in the light of . . . [the dermatologist's] testimony and the general complexity of diagnosing skin lesions, [the plaintiff's] injuries are 'medically complicated'; and, accordingly, he had to provide expert testimony . . . ." *Id.* at 291.

Here, Defendants have offered expert testimony stating that Williams's staph infection was not caused by the car accident. [107-6] at 10. And the accident occurred on February 24, but Williams's staph infection was not diagnosed until April 20. This gap in time takes Williams's injury out of the realm of "common sense" because a layperson might not understand how a minor abrasion from a car

accident can lead to a staph infection over a month later. Finally, "the complexity of diagnosing" a skin infection is different than understanding a "whiplash injury" sustained in a car accident. *Compare Savage*, 464 F. App'x at 291 *with Divinity*, 2019 WL 7593363, at *3. Considered together, these facts show that Williams's leg injury is "medically complicated." *See Savage*, 464 F. App'x at 291. Accordingly, she cannot personally testify that the accident caused her staph infection but is required to provide expert testimony.

### B. Dr. Cady's Testimony

Defendants next argue that Dr. Cady is not qualified to provide expert testimony on whether the car accident caused Williams's staph infection. [108] at 4–6.

Parties must disclose the identity of any person who will provide expert testimony at trial. Fed. R. Civ. P. 26(a)(2)(A). "[I]f the witness is one retained or specially employed to provide expert testimony," then the proponent of the witness must provide a written report signed by the witness. *Id.* 26(a)(2)(B). On the other hand, non-retained witnesses do not have to provide such a report. *See id.* 26(a)(2)(C).

Generally, a treating physician "may testify as a non-retained expert witness—and therefore need not provide an expert report . . . ." *Barnett v. Deere & Co.*, No. 2:15-CV-2, 2016 WL 4735312, at *1 (S.D. Miss. Sept. 11, 2016) (quoting *Kim v. Time Ins. Co.*, 267 F.R.D. 499, 502 (S.D. Tex. 2008)). But the treating physician's testimony is "confined to facts disclosed during care and treatment of

6

the patient." *Id.* This includes the patient's "diagnosis, the causation of [the patient's] injuries, and the [patient's] prognosis, 'as long as the doctor formed those opinions based on his personal knowledge and observations obtained during the course of care and treatment.'" *Id.*

Defendants contend that Dr. Cady should not be allowed to testify because Williams's medical records "do not create a causal connection between Defendant's alleged conduct and Plaintiff's health issues." [108] at 5. But that is incorrect. The records from the paramedics, the emergency room physician, Greater Meridian Health Clinic, and Dr. Cady's own records contain sufficient information for Dr. Cady to testify what he believes caused Williams's staph infection. And "a treating physician may testify 'based on what he or she learned through actual treatment *and from the plaintiff's records up to and including that treatment*." *Kim*, 267 F.R.D. at 503 (emphasis in original) (quoting *Fielden v. CSX Transp., Inc.*, 482 F.3d 866, 871 (6th Cir. 2007)). Consequently, Dr. Cady may testify on what caused Williams's staph infection if it is based on his "personal knowledge and observations obtained during [his] course of care and treatment" of Williams. *Barnett*, 2016 WL 4735312, at *1.

Summarily, Defendants' [107] Motion for Partial Summary Judgment is denied. By designating Dr. Cady as an expert witness, Williams has satisfied her summary-judgment burden to create a genuine dispute of material fact as to whether the accident caused her staph infection.

7

Accordingly, Williams's "claims, damages, and expenses related to her staph infection" remain. But Williams's may not personally testify about whether the accident caused her staph infection, and Dr. Cady's testimony is limited to his opinions based on his personal knowledge and observations obtained during his course of care and treatment of Williams.

IV.   Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the reasons stated, Defendants' [107] Motion for Partial Summary Judgment is DENIED.

SO ORDERED AND ADJUDGED this the 21st day of February, 2023.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE
